# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-14-02506-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Sally Jewell, et al., | |
| Defendants. | |

Plaintiffs Center for Biological Diversity and Defenders of Wildlife challenge (1) Defendants' refusal to list the pygmy-owl as endangered or threatened under the Endangered Species Act ("ESA"), and (2) the United States Fish and Wildlife Service's ("FWS") interpretation of the phrase "significant portion of its range" ("SPR") in the ESA's definitions of endangered and threatened species. Defendants have filed two administrative records, one for the Final Pygmy-Owl Rule ("pygmy-owl AR") and one for the final SPR Policy ("SPR AR"). Pending before the Court is Plaintiffs' Motion to Complete the Administrative Record (Doc. 41), in which Plaintiffs challenge Defendants' withholding of documents[1] from the SPR AR on the basis of the deliberative process privilege.[2]

---

[1] Plaintiffs indicate in their Motion that 296 documents were withheld on the sole basis of the deliberative process privilege; Defendants state in their Response that the actual number is 301.

[2] Plaintiffs do not challenge Defendants' withholding of documents on the basis of the attorney client privilege, including those documents withheld on the basis of both the deliberative process and attorney client privileges. (*See* Doc. 41 at 8.) They

The Administrative Procedure Act requires that judicial review of agency decisions be based on the "whole record or those parts of it cited by a party." 5 U.S.C. § 706. The "whole record" includes the materials that the agency relied on in its final decision, as well as all materials that might have influenced the agency's decision. *Cnty. of San Miguel v. Kempthore*, 587 F. Supp. 2d 64, 71 (D.D.C. 2008). However, the "whole record . . . need not include privileged documents such as deliberative intra-agency memoranda." *Id.* (internal quotation omitted); *see also Izaak Walton League v. Marsh*, 655 F.2d 346, 370 (D.C. Cir. 1981) ("It is well established that an agency may claim a privilege with respect to documents that may have influenced a particular decision.").

The deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *Fed. Trade Comm'n v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). The privilege "was developed to promote frank and independent discussion among those responsible for making governmental decisions." *Id.*; *see also Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988) (the privilege protects "the confidentiality of the give-and-take that occurs among agency members in the formulation of policy"). The privilege applies if a document is both (1) "predecisional," meaning it was "generated before the adoption of an agency's policy or decision," and (2) "deliberative in nature, containing opinions, recommendations, or advice about agency policies," as opposed to "[p]urely factual material that does not reflect deliberative processes." *Warner*, 742 F.2d at 1161. The parties appear to agree that the documents at issue are predecisional and deliberative in nature and, thus, that the deliberative process privilege is applicable. However, the deliberative process privilege is qualified. *See id.* Under appropriate circumstances, a Court may order disclosure even of pre-decisional and deliberative

---

challenge only those documents withheld on the sole basis of the deliberative process privilege.

documents.  *See id.*; *Cal. Native Plant Soc'y v. EPA*, 251 F.R.D. 408, 415 (N.D. Cal. 2008).  The parties dispute whether the requisite circumstances exist here.

"A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure.  *Warner*, 742 F.2d at 1161.[3]  Factors relevant to this determination are: (1) the relevance of the materials at issue; (2) "the availability of other evidence"; (3) "the government's role in the litigation"; and (4) "the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions."  *Id.*  It is difficult for the Court to evaluate these factors without seeing the documents at issue.  Accordingly, the Court will take Plaintiff's Motion to Complete the Administrative Record under advisement pending the Court's *in-camera* review of the disputed documents.

**IT IS ORDERED** that, within **20 days** of the date this Order is filed, Defendants shall submit the disputed documents to the Court for *in-camera* inspection.

Dated this 4th day of April, 2016.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] Once the government establishes the applicability of the deliberative process privilege by showing that withheld materials are pre-decisional and deliberative, the burden shifts to the plaintiff to show that the privilege should be waived in the instant case.  *See Cal. Native Plant Soc'y*, 251 F.R.D. at 415.