# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-14-02506-TUC-RM (,) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sally Jewell, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Complete the Administrative Record (Doc. 41). The Court has conducted an *in camera* review of the contested materials. For the reasons that follow, Plaintiff's Motion will be denied.

## I. Background

Congress enacted the Endangered Species Act ("ESA") to provide for the conservation of endangered and threatened species and their ecosystems. *See* 16 U.S.C. § 1531(b). The term "endangered species" is defined by the ESA as "any species which is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). The term "threatened species" is defined as "any species which is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20). The ESA does not define the phrase "significant portion of its range," and the Ninth Circuit has recognized that the phrase is "puzzling" and "inherently ambiguous." *Defenders of Wildlife v. Norton*, 258 F.3d 1136, 1141 (9th Cir. 2001).

In this lawsuit, Plaintiffs Center for Biological Diversity and Defenders of

Wildlife challenge (1) Defendants' refusal to list the pygmy-owl as endangered or threatened under the ESA, and (2) the United States Fish and Wildlife Service's ("FWS") interpretation of the phrase "significant portion of its range" ("SPR"). Defendants have filed two administrative records, one for the Final Pygmy-Owl Rule ("Pygmy-Owl AR") and one for the final SPR Policy ("SPR AR"). In their Motion to Complete the Administrative Record, Plaintiffs challenge Defendants' withholding of 301 documents from the SPR AR on the basis of the deliberative process privilege. Plaintiffs do not challenge Defendants' withholding of documents on the basis of the attorney client privilege, including those documents withheld on the basis of both the deliberative process and attorney client privileges; they challenge only those documents withheld on the sole basis of the deliberative process privilege. (*See* Doc. 41 at 8.)

**II.  Analysis**

An administrative record may be supplemented to include "evidence that should have been properly a part of the administrative record but was excluded by the agency." *Am. Petroleum Tankers Parent, LLC v. United States*, 952 F. Supp. 2d 252, 261 (D.D.C. 2013). However, an agency's administrative record designation is entitled to a presumption of regularity. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007); *see also Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ("absent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record"). Accordingly, courts order supplementation of the administrative record only in exceptional cases. *See Pac. Shores Subdivision Cal. Water Dist.*, 448 F. Supp. 2d at 5 ("Supplementation of the administrative record is the exception, not the rule."); *Franks v. Salazar*, 751 F. Supp. 2d 62, 67 (D.D.C. 2010) ("A court that orders an administrative agency to supplement the record of its decision is a rare bird." (internal quotation omitted)).

The Administrative Procedure Act requires that judicial review of agency decisions be based on the "whole record or those parts of it cited by a party." 5 U.S.C. §

706. The "whole record" includes the materials that the agency relied on in its final decision, as well as all materials that might have influenced the agency's decision. *Cnty. of San Miguel v. Kempthore*, 587 F. Supp. 2d 64, 71 (D.D.C. 2008). However, the "whole record . . . need not include privileged documents such as deliberative intra-agency memoranda." *Id.* (internal quotation omitted); *see also Izaak Walton League of Am. v. Marsh*, 655 F.2d 346, 370 (D.C. Cir. 1981) ("It is well established that an agency may claim a privilege with respect to documents that may have influenced a particular decision.").

The deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (per curiam). The purpose of the privilege is to "protect the quality of agency decisions" by promoting "frank and independent discussion among those responsible for making [the] decisions." *Id.*; *see also Ad Hoc Metals Coal v. Whitman*, 227 F. Supp. 2d 134, 143 (D.D.C. 2002) (disclosure of internal agency deliberations "could hinder candid and creative exchanges regarding proposed decisions and alternatives," leading "to an overall decrease in the quality of decisions"). "By maintaining the confidentiality of the give-and-take that occurs among agency members in the formulation of policy," *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988), the deliberative process privilege allows "agencies to freely explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny," and "ensure[s] that agencies are not forced to operate in a fish bowl," *Moye, O'Brien, O'Rourke, Hogan & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277-78 (11th Cir. 2004).

The deliberative process privilege applies if a document is both (1) "predecisional," meaning it was "generated before the adoption of an agency's policy or decision," and (2) "deliberative in nature," meaning it contains "opinions, recommendations, or advice about agency policies," as opposed to "[p]urely factual

material that does not reflect deliberative processes." *Warner*, 742 F.2d at 1161; *see also Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006). The privilege is qualified. *Warner*, 742 F.2d at 1161. "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* Factors relevant to this determination are: (1) the relevance of the materials at issue; (2) "the availability of other evidence"; (3) "the government's role in the litigation"; and (4) "the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* Once the government establishes the applicability of the deliberative process privilege by showing that withheld materials are pre-decisional and deliberative, the burden shifts to the plaintiff to establish the showing necessary to overcome the privilege in the instant case. *See Cal. Native Plant Soc'y v. EPA*, 251 F.R.D. 408, 415 (N.D. Cal. 2008).

Defendants have shown—and Plaintiffs do not dispute—that the withheld materials at issue are pre-decisional and deliberative. Accordingly, the materials satisfy the two-part test for application of the deliberative process privilege. Plaintiffs argue that the deliberative process privilege should be overcome under the circumstances of the instant case. The Court disagrees.

Plaintiffs' need for the contested materials, and the need for accurate fact-finding, is attenuated in light of the nature of this lawsuit. The materials at issue are not critical for the Court's review of the validity of the FWS's statutory interpretation of the phrase "significant portion of its range." Plaintiffs apparently seek to challenge the final SPR Policy by citing to pre-decisional inter- or intra-agency comments that "criticize the approach taken" in the Policy "or point to ways in which the Policy undermines the ESA's objectives." (Doc. 41 at 13-14.) However, this rationale is insufficient to show that the deliberative process privilege should be overcome. The privilege "would soon be meaningless, if all someone seeking information otherwise protected under the privilege had to establish is that there was disagreement within the governmental entity at some

point in the decisionmaking process." *Hinckley v. United States*, 140 F.3d 277, 285 (D.C. Cir. 1998); *see also Ad Hoc Metals Coal*, 227 F. Supp. 2d at 143 ("Judicial review of agency action should be based on an agency's stated justifications, not the predecisional process that led up to the final, articulated decision.")

Plaintiffs argue that Defendants have invoked the deliberative process privilege in a result-oriented manner. Specifically, Plaintiffs argue that the FWS's standard practice is to disclose inter- and intra-agency comments in administrative records, and that the FWS's departure from that practice with respect to the SPR AR suggests that the FWS's invocation of the deliberative process privilege "has less to do with a genuine need to protect deliberative communications and far more to do with the substance of the comments received." (Doc. 41 at 8-9.) An agency may not "skew the record by excluding unfavorable information." *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007). However, Plaintiffs have not shown—and this Court's *in camera* review of the disputed materials did not reveal—that Defendants have done so in the instant case. Further, neither the FWS manual nor the Department of the Interior guidance document cited to by Plaintiffs shows that the FWS has a standard practice of including privileged materials in administrative records; rather, both of these internal directives contemplate the redaction or removal of documents from administrative records on the basis of privilege. (*See* Doc. 41-1 at 4; Doc. 44-4 at 13.)

The documents at issue are precisely the type of internal government deliberations that the deliberate process privilege is meant to protect. Requiring disclosure of the documents would hinder frank and independent discussion regarding contemplated agency policies and decisions. *See Warner*, 742 F.2d at 1161. Plaintiffs have not shown that their need for the materials, or the need for accurate fact-finding, outweighs the government's interest in non-disclosure.

. . . .

. . . .

. . . .

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Supplement the Administrative Record (Doc. 41) is **denied.**

**Dated this 14th day of June, 2016.**

_____
Honorable Rosemary Márquez
United States District Judge